**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Carol J. Cross,  )  | No. CV-08-8019-PCT-FJM |
| Plaintiff,  )  | **ORDER** |
| vs.  )  |  |
| Monumental Life Insurance Company, et al.,  )  |  |
| Defendants.  )  |  |

The court has before it "Plaintiff's Motion for Jury Trial" (doc. 13), "Defendants' Response" and "Plaintiff's Reply".

This is a removed action governed by Rule 81(c), Fed. R. Civ. P. Unfortunately, Rule 81(c)(3), is poorly crafted. It is very difficult to reconcile Rule 81(c)(3)(A) with Rule 81(c)(3)(B). Subsection (A) states that a party that complied with state law before removal, regarding a demand for jury trial, need not renew it after removal. If state law does not require a demand for jury trial, a party need not make one after removal unless the court orders it.

Subsection (B) requires compliance with Rule 38, Fed. R. Civ. P., where all pleadings have been served at the time of removal and further requires that the demand be served within ten days after the filing of a notice of removal or after a party is served with a notice of removal by another party.

1	Given the provisions of subsection (A), it would appear that subsection (B) would
2	apply only when state law expressly requires a demand for a jury trial but a party did not
3	make a demand before removal. Applying this needlessly complex approach to the facts in
4	this case, Arizona does expressly require a demand for a jury trial, Rule 38(b), Ariz R. Civ.
5	P., and failure to file such a demand results in waiver. Rule 38(d), Ariz. R. Civ. P. The
6	problem, of course, arises because Arizona does not require the demand to be filed until the
7	setting of the case for trial or ten days after a motion to set has been served. We believe that
8	under these circumstances, Rule 81(c)(3)(B), applies. This is so because neither of the two
9	exceptions under subsection (A) apply. And this makes sense. Unless a jury demand has
10	already been made in the state court or unless the state court does not require one at all,
11	compliance with Rule 38 harmonizes removed actions with original actions.

12	Plaintiff's motion is based upon an assertion that Arizona does not require an express
13	demand. For reasons stated, Arizona does require an express demand. It is plain that
14	plaintiff did not serve a demand under Rule 38 within ten days after it was served with the
15	notice of removal filed by the defendants. Accordingly, plaintiff has waived her right to trial
16	by jury.

17	Plaintiff alternatively asks that we exercise our discretion under Rule 39(b), Fed. R.
18	Civ. P., to allow a jury trial even where no demand has been made. Ordinarily, inadvertence
19	is no excuse for failure to file a jury demand. However, the needless complexity of the
20	removal rule, Rule 81(c), sometimes creates a trap for the unwary. 8 *Moores Federal*
21	*Practice* § 39.31(5)(h)(i) (2006). Here, the request for a jury comes at a relatively early
22	stage of the proceeding and there is no prejudice to the defendants. Nor is there any
23	prejudice to the system because our firm trial date is not until October 14, 2009. *Id.* at §
24	39.31(5)(h)(ii). On balance, we think that under these circumstances, in the exercise of our
25	discretion, a jury trial should be ordered.

26
27
28

1    For all of these reasons, "Plaintiff's Motion for a Jury Trial" is GRANTED (doc.
2 13). The Rule 16 scheduling order in this case (doc. 15) is amended to indicate that this
3 should be a trial by jury and not to the court.
4    DATED this 7th day of July, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge